NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3182

JAY K. RATHBUN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Jay K. Rathbun, of Phoenix, Arizona, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3182


JAY K. RATHBUN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.


Petition for review of the Merit Systems Protection Board
in DE3443070150-I-1

_____

DECIDED:  July 11, 2008

_____


Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.


PER CURIAM.


Jay K. Rathbun seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his case for lack of jurisdiction.  Rathbun v. Dep't of Veterans Affairs, No. DE3443070150-I-1 (Jan. 29, 2007).  We affirm.

I

Rathbun was employed as a GS-180-13 Clinical Psychologist with the Department of Veterans Affairs ("agency") from October 2003 until December 2006.

Late in 2006, the agency proposed to remove Rathbun on the charge that he lacked the educational credentials required for his position. The required credentials included a doctoral degree from an accredited college or university whose curriculum in psychology is approved by the American Psychological Association ("APA"). When the agency realized that Rathbun's doctoral degree was not from a college or university whose curriculum in psychology was so approved, it proposed his removal. Rathbun responded to the proposed removal arguing that the quality of his education demonstrated that the agency should treat his degree as an equivalent to an APA approved curriculum degree. Rathbun conceded that his doctorate degree lacks the necessary APA accreditation. The agency rejected his equivalency argument and set his removal date as December 10, 2006. On December 4, 2006, Rathbun requested in writing that he be changed in position to Social Worker at a lower GS-0185-12 grade. The agency accepted his request and changed his position and grade. On January 5, 2007, Rathbun filed his appeal with the Board, arguing that he had been involuntarily demoted. He sought a hearing, reinstatement in his old position at the higher grade and back pay.

II

Rathbun's appeal to the Board and now to this court involves his voluntary demotion to the position of Social Worker at the lower GS grade. A request for reassignment to a lower grade, like a decision to retire or resign, is presumed to be voluntary. Christie v. United States, 518 F.2d 584, 587 (Ct. Cl. 1975). The board does not have jurisdiction over voluntary actions, because voluntary actions are not adverse

actions for purposes of board jurisdiction.  <u>Garcia v. Dep't of Homeland Sec.</u>, 437 F.3d 1322, 1328-29 (Fed. Cir. 2006) (en banc).

A person in Rathbun's position can rebut the presumption of voluntariness that arose from his request for and acceptance of the lower position.  To do so, Rathbun would have to show that his otherwise voluntary action arose from his reasonable reliance on the agency's misinformation or the agency's failure to provide him with adequate information upon which to make his choice.  <u>Covington v. Dep't of Health and Human Servs.</u>, 750 F.2d 937, 942 (Fed. Cir. 1984).  When a person cannot overcome the presumption of voluntariness, he is left in the situation where he had a choice.  He could have fought the proposed removal, or he could have avoided it as he did by his voluntary action.  This dilemma is not new.  "Merely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation."  <u>Christie</u>, 518 F.2d at 587-88.

Rathbun has made no showing that the agency misled him, nor that the agency was derelict in supplying him with the information he needed to make his choice.  It is uncontested that Rathbun's doctoral degree lacks the necessary APA seal of approval. He was afforded ample opportunity to make his equivalency argument.  The agency is entitled to select the job credential requirements it wishes, and its choice entails no appealable adverse action.  The efficiency of the service is clearly advanced by employment of personnel who meet hiring requirements.  That the agency allowed Rathbun to work in the higher grade for some time does not estop it from enforcing the hiring prerequisites when Rathbun's deficiency comes to its attention.

III

For the reasons just stated above, the administrative judge assigned to Rathbun's case held that Rathbun's voluntary act of self-demotion ousted the Board's jurisdiction over his complaint. When the full Board denied Rathbun's petition for review of the adverse decision of the administrative judge, the initial decision became the final decision of the Board. Rathbun then timely sought review in this court.

IV

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 5503(c). There are no facts in dispute in this case. The law is clear that voluntary acts do not vest the board with jurisdiction. Rathbun has failed to show that his demotion was involuntary. We perceive no error in the Board's final decision, and we therefore affirm.

No costs.